11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

 

Robert Gladu and Artisan Masonry, Inc.

Appellants

Vs.                   No.  11-02-00211-CV B  Appeal from Dallas County

Larry Wallace, Individually and d/b/a Wallace Insurance Agency

Appellee

 

This is an appeal from a summary judgment
granted in favor of Larry Wallace, Individually and d/b/a Wallace Insurance
Agency.  Robert Gladu and Artisan
Masonry, Inc. bring two issues on appeal. 
Their basic contention is that the trial court should not have ruled
that the unlawful acts rule prevented any recovery against Wallace.  We affirm in part and reverse and remand in
part.








Robert Gladu is the owner of all the stock of
Artisan Masonry, Inc.  Gladu was the
owner of a sole proprietorship, Artisan Construction, which was later
incorporated into Augusta Construction, Inc.[1]  Wallace is an insurance agent.  In 1998, Gladu went to Wallace for workers= compensation insurance consultation.  Wallace completed an application for workers= compensation insurance, and Gladu signed
it.  The application was sent to the
Texas Workers= Compensation Insurance Fund (the Fund).  Thereafter, Wallace was provided an initial
premium quote of $5,618 for workers= compensation coverage.  Wallace
conveyed the information to Gladu, and Gladu elected to take the coverage.  The Fund then issued an insurance policy in
the name of Artisan Construction. 
Subsequently, Wallace provided advice to Gladu regarding periodic
reports which Gladu made to the Fund. 
Premium payments were computed based upon information contained in the
reports.  In May 1999, the Fund conducted
an audit in connection with the insurance. 
As a result of the findings made during the audit, the State brought
criminal charges against Gladu.[2]  As a result of a plea agreement, Gladu
received deferred adjudication and was ordered to pay $200,000 in restitution.
Gladu and Artisan Masonry, Inc. then brought this lawsuit against Wallace
asserting negligence, gross negligence, common-law fraud, Deceptive Trade
Practices[3]
violations, and Insurance Code[4]
violations.  Wallace filed a motion for
summary judgment, urging the trial court to find that appellants= causes of action were barred because of the
unlawful acts rule.  The trial court
granted the motion. 

In order to prevail upon a motion for summary
judgment based upon an affirmative defense, the movant must conclusively
establish each element of the affirmative defense.  American Tobacco Company, Inc. v. Grinnell, 951 S.W.2d 420, 425
(Tex.1997); Nichols v. Smith, 507 S.W.2d 518 (Tex.1974).  A
matter is conclusively established if ordinary minds cannot differ as to the
conclusion to be drawn from the evidence.  
Triton Oil & Gas Corporation v. Marine Contractors and Supply, Inc.,
644 S.W.2d 443, 446 (Tex.1982).  Once
the movant establishes a right to a summary judgment, the non-movant must come
forward with evidence or law that precludes summary judgment.  City of Houston v. Clear Creek Basin
Authority, 589 S.W.2d 671, 678-79 (Tex.1979). 
When reviewing a summary judgment, the appellate court takes as true
evidence favorable to the non-movant, and every reasonable inference must be
indulged in favor of the non-movant and any doubts resolved in its favor.  American Tobacco Company, Inc. v. Grinnell,
supra at 425; Nixon v. Mr. Property Management Company, Inc., 690 S.W.2d 546,
548-49 (Tex.1985).      

The Aunlawful acts doctrine@ was first established in Texas in Gulf, C. & S. F. Ry. Co. v.
Johnson, 9 S.W. 602 (Tex.1888).  In Gulf,
Johnson was the lessee of a building where damages were incurred due to the
destruction of carpet, wallpaper, and gaming tables.  Johnson brought suit against Gulf and won damages in the trial
court.  In its appeal from that
judgment, Gulf asserted that, because gaming was illegal in this state, an
owner of such property could not recover damages to property used for that
purpose.  In defining the unlawful acts
doctrine, the court wrote:








It may be assumed, as undisputed doctrine, that no action
will lie to recover a claim for damages, if to establish it the plaintiff
requires aid from an illegal transaction, or is under the necessity of showing
or in any manner depending upon an illegal act to which he is a party....In
those cases where it is shown that, at the time of the injury, the plaintiff
was engaged in the denounced or illegal act, the rule is, if the illegal act
contributed to the injury, he cannot recover. 
Gulf, C. & S. F. Ry. Co. v. Johnson, supra at 603. 

 

However, the court in Gulf held that
there was no showing that the damaged property was being used for the illegal
act of gaming and that recovery was not barred.

The court in Houston Ice & Brewing Co. v.
Sneed, 63 Tex.Civ.App. 17, 132 S.W. 386 (1910, writ dism=d), also addressed the unlawful acts
doctrine.  There, Houston Ice sold a
supply of a drink known as AHiawatha@ to Sneed, a soft drink retailer.  Houston Ice assured Sneed that AHiawatha@ was not intoxicating and that it was legal to sell it.  AHiawatha@ was made from malted barley, rice, hops, and
artesian water and contained between 1.5 and 2 percent alcohol.  Sneed sold Aseven or eight barrels@ of AHiawatha@ before he was arrested and convicted of selling malt liquor capable of
producing intoxication without having a license and without paying taxes on
it.  Sneed, the proprietor, sued Houston
Ice for recovery of the damages accrued in the criminal prosecution.  Sneed argued that he relied on the
representations made by Houston Ice and that he did not know the drink was
intoxicating.  Despite his claimed lack of
knowledge, Sneed had been convicted of an illegal act, and the court did not
allow recovery.  Houston Ice &
Brewing Co. v. Sneed, supra.

In more recent cases, the unlawful acts
doctrine and public policy of this state have been defined in such a manner that
recovery is barred when the claimant has knowingly and willfully engaged in
criminal acts which contributed to the injury alleged to have accrued.  See, e.g., Saks v. Sawtelle, Goode, Davidson
& Troilo , 880 S.W.2d 466  (Tex.App.
B San Antonio 1994, writ den=d); Dover v. Baker, Brown, Sharman &
Parker, 859 S.W.2d 441 (Tex.App. B Houston [1st Dist.] 1993, no writ).








In Saks, David M. Saks, James Doyle
Spruill, and Omni/Corpus Christi, Ltd. asserted malpractice, gross negligence,
misrepresentation, breach of express and implied warranties, and deceptive
trade practices actions against law firms and their attorneys who advised them
in connection with a loan transaction. 
A jury had previously found plaintiffs guilty of five counts of bank fraud
and one count of conspiracy to defraud the United States in connection with
circumstances surrounding the transaction. 
The jury in the criminal case found beyond a reasonable doubt that Saks,
Spruill, and Omni knowingly devised a scheme to defraud a federally chartered
or insured financial institution.  In
the civil case, the attorneys and their firms sought a summary judgment in
which it was asserted that the cause of action was barred because of public
policy.  The trial court granted the
summary judgment.  On appeal, the court
held that:  A[P]ublic policy precludes ...recovery of
damages...which resulted from...willful commission of crimes.@  Saks
v. Sawtelle, Goode, Davidson & Troilo, supra at 470-71.

In Dover, suit was filed by Dover
against certain attorneys and accountants and their firms.  Dover sought damages which he had suffered
in connection with advice given him by those whom he sued.  The trial court granted motions for summary
judgment based upon public policy.  In
affirming the trial court=s judgment, the appellate court focused on the fact that it previously
had been found that Dover knowingly and willfully committed tax evasion and
that he also knowingly made false tax statements.  The court held that, where one is a knowing and willful party to
illegal acts and those acts contribute to the injury, public policy prohibits
recovery of damages resulting from those acts. 
Dover=s illegal conduct was more than merely
incidental to his claim; it was inextricably intertwined with them.

The unlawful acts rule was reiterated by the
court in Ward v. Emmett, 37 S.W.3d 500 (Tex.App. B San Antonio 2001, no pet=n).  There, Ward, who suffered
from mental problems, shot and killed her mother.  Ward=s
parents had purchased life insurance from Humana Insurance Company, and Ward
apparently had problems in collecting the proceeds.  Ward sued Humana Insurance Company in addition to numerous health
care providers, alleging that she had received inadequate medical care.  The defendants moved for summary judgment
based upon the unlawful acts rule as well as the doctrine of assumption of the
risk.  The trial court granted the
motion.  

Ward=s causes of action were for breach of contract, violation of the Texas
Insurance Code and the Texas Deceptive Trade Practices Act, conspiring to
commit commercial bribery, professional negligence, and breach of the duty of
good faith and fair dealing.  On appeal,
the court noted that Ward had attempted to cast her claims and resultant damages
in such a fashion as to show that her injuries arose when the policy was
breached or when the negligent medical care was provided rather than the time
at which she killed her mother.  The
court quoted the rule from Gulf and held that Ward=s damages were the result of her own illegal
conduct and that she could not recover:

More simply, Ward would have suffered none of
her alleged injuries in the absence of her mother=s murder.  Because Ward=s illegal conduct caused her injuries, the
trial court properly granted summary judgment. 


 

Ward v. Emmett, supra at
503.  








Appellants rely upon Macias v. Moreno, 30
S.W.3d 25 (Tex.App. B El
Paso 2000, pet=n den=d).  The court in Macias
held that the unlawful acts rule did not apply in that case because there was
no evidence that an offense had been committed.  The plaintiff there was not required to prove any part of an
illegal act in order to recover.  In
fact, criminal charges against the plaintiff had been dismissed.

Macias is distinguishable.  In addition
to the summary judgment evidence set out earlier in this opinion, the evidence
also shows that Gladu was charged by information with the offense of securing
execution of a document by deception, a third degree felony.  The information contains the following
language:

[Gladu did] pursuant to one scheme and
continuing course of conduct which began on or about the 22nd day of
June, A.D. 1998 and continuing on or about the 22nd day of June,
A.D. 1999 in Travis County, Texas, said defendant did then and there with
intent to defraud and harm the Texas Workers= Compensation Insurance Fund, a governmental corporation created by
Art. 5.76-3 of the Texas Insurance Code, by deception, caused the Texas Workers= Compensation Insurance Fund to sign and
execute documents affecting its property, service and pecuniary interest, where
the value of the property, service or pecuniary interest was $20,000 or more
but less than $100,000.

 

The question is
whether the summary judgment evidence conclusively established Wallace=s affirmative defense that, at the time of
the injury, appellants were engaged in unlawful acts which contributed to their
injury and that such conduct was more than incidental to appellants= claims and was inextricably intertwined with
them.   In the plea agreement which he
signed under oath, Gladu stated that he violated the law as alleged.  The plea agreement provides in part:

6. 
Waive my right to remain silent and state that it is my desire to make a
judicial confession of my guilt.  I have
read the information filed in this case and: 

 

   %    I
committed and am guilty of each and every allegation it contains.

 








The statement is an admission and is binding
upon Gladu, but it is not conclusive against him in this circumstance; he was
entitled to refute the statement, but he did not.  See Sumner v. Kinney, 136 S.W. 1192 (Tex.Civ.App.1911, no writ);
see generally 35 TEX. JUR. 3d Evidence ' 249 (2002).   The summary
judgment evidence contains portions of Gladu=s deposition where he stated that he did not plead guilty.  There is a general disagreement over whether
the plea was a plea of guilty or a plea of no contest.  The plea agreement form which was used was
for a guilty plea, but many portions of it had been changed to reflect a Ano contest@ plea.  However, there were
other places where the plea agreement had not been modified.  There are references to both in the
agreement.  However, we do not believe
that the nature of the plea is dispositive of the unlawful acts rule under the
summary judgment evidence available in this case.  Gladu admitted within the plea agreement that he committed the
offense charged in the information. 
Here, Wallace came forward with evidence to establish each element of
the affirmative defense.  No summary
judgment evidence was offered to the contrary. 
KPMG Peat Marwick v. Harrison County Housing Finance Corp., 988 S.W.2d
746, 748 (Tex.1999); City of Houston v. Clear Creek Basin Authority, 589 S.W.2d
671, 678‑79 (Tex.1979).  We hold
that the summary judgment evidence conclusively established that Gladu was
prohibited from recovering in this case. 
Appellants= first
issue on appeal is overruled.

In their second issue on appeal, appellants
assert on behalf of Artisan Masonry, Inc. the same issue set forth in
connection with Gladu.  A review of the
summary judgment record shows a complete lack of any evidence that Artisan
Masonry, Inc. was involved in any unlawful acts.  Wallace simply asks us to imply that Artisan Masonry, Inc. was
involved because Gladu was the sole owner and president.  To the contrary, the summary judgment
evidence does not reflect that any criminal charges were brought against
Artisan Masonry, Inc.  Neither does the
record contain any other proof that Artisan Masonry, Inc. committed any
unlawful acts.  We note that the
application for the workers= compensation policy by Gladu is not in the record.  We also note that the policy which was
issued by the Fund actually named ARobert Gladu DBA: Artisan Construction@ as the named insured.  The
summary judgment proof shows that Artisan Construction was at one time a sole
proprietorship owned by Gladu and that it was later incorporated into Augusta
Construction.  Because Wallace has
failed to conclusively establish the unlawful acts defense against Artisan
Masonry, Inc., appellants= second issue on appeal is sustained.

The judgment of the trial court against Gladu
is affirmed.  The judgment of the trial
court against Artisan Masonry, Inc. is reversed, and that part of this cause is
remanded to the trial court.

 

JIM R. WRIGHT

May
1, 2003                                                                JUSTICE

Panel consists of:  Wright, J.,
and

McCall, J., and McCloud, S.J.[5]








 











[1]Augusta Construction, Inc. was also a part of the
lawsuit but nonsuited all its claims prior to the summary judgment and is not a
party to this appeal.





[2] The State also brought charges against Wallace.  The outcome of that case is not a part of
the summary judgment evidence. 





[3]TEX. BUS. & COM. CODE ANN. ch. 17.41 (Vernon 2002).





[4]TEX. INS. CODE ANN. art. 21.21 (Vernon 1981 & Supp.
2003).





[5]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.