Denise MURPHY, et al.

v.

R.J. REYNOLDS TOBACCO, et al.

No. CIV. A. 00–2457.

United States District Court,
E.D. Louisiana.

April 24, 2001.

Stephen Barnett Murray, Perry Michael Nicosia, David T. Smith, Murray Law Firm, New Orleans, LA, for Plaintiffs.

Stephen H. Kupperman, Phillip A. Whittmann, Dorothy Hudson Wimberly, Stone, Pigman, Walther, Whittmann & Hutchinson, LLP, New Orleans, LA, for Defendants.

### ORDER AND REASONS

FALLON, District Judge.

Before the Court is plaintiffs' motion to reurge their motion to remand. For the following reasons, plaintiffs' motion is GRANTED, and plaintiffs' claims are RE-MANDED to state court.

### I. BACKGROUND

Plaintiffs Denise Murphy, Shaleta Robertson, and Lisa Kelly bring this action against defendants on behalf of themselves and their deceased father, Joseph Robertson, who died of lung cancer. Plaintiffs explain that Robertson began smoking at age seventeen and ended up smoking one and one-half packs of cigarettes a day. They argue that Robertson purchased these cigarettes as a minor from the defendant distributors resulting in his subsequent addiction, contracting of lung cancer, and death. Moreover, plaintiffs assert that the defendant manufacturer manipulated the level of nicotine in the cigarettes to create and sustain addictions.

On July 13, 2000, plaintiffs filed their complaint in Civil District Court in Orleans Parish. They seek "survival and wrongful death damages for Robertson's physical and economic injuries as well as injuries suffered by the plaintiffs as a result of his death." Compl. at 1–2. Their claims also include fraud, negligent misrepresentation, negligence, intentional or negligent infliction of emotional distress, redhibition, and products liability.

On August 18, 2000, defendants R.J. Reynolds Co. and Nabisco, Inc. removed the case to federal court on diversity grounds pursuant to 28 U.S.C. 1332 and 28 U.S.C. § 1441(b). Defendants contend that the named Louisiana defendants, Quaglino Tobacco and Candy Co., Inc., Imperial Trading Co., Inc., George Groetsch, Inc., Schwegmann Giant Supermarkets, Inc, and K & B Louisiana Corp., are not proper parties to this action and have been fraudulently joined so as to defeat this Court's diversity jurisdiction.

On September 13, 2000, the Court denied plaintiffs' motion to remand reserving their right to reurge the motion at a later date. Plaintiffs now come before the Court and reurge their motion to remand on the basis of the ruling by the United States Court of Appeal for the Fifth Circuit in *Badon v. R.J.R. Nabisco, Inc.*, 236 F.3d 282 (5th Cir.2000). Defendants oppose the motion and argue that *Badon* does not require remand and that plaintiffs' claims are subject to the affirmative defenses defendants raise in their opposition.

### II. ANALYSIS

■ In *Badon*, the Fifth Circuit considered whether plaintiffs such as those in this case could sustain a cause of action under Louisiana law for redhibition against in-state cigarette distributors in order to determine whether plaintiffs had fraudulently joined non-diverse parties so as to prevent removal to federal court. *See id.* at 285. Although the Fifth Circuit certified this question to the Louisiana Supreme Court, the Louisiana Supreme Court declined the certification. Consequently, the Fifth Circuit concluded that "there is arguably a reasonable basis for predicting that plaintiffs might establish redhibition or article 2475 liability against the Louisiana wholesalers under Louisiana law as it stands today." *Id.* at 286.

On the basis of the Fifth Circuit's opinion in *Badon*, it is clear that plaintiffs may maintain their redhibition claims against the non-diverse defendants, and therefore,

defendants are not fraudulently joined in this case. The Court must remand the matter because plaintiffs have properly joined additional defendants whose joinder destroys the Court's subject matter jurisdiction. *See* 28 U.S.C. § 1447(e).

Defendants respond that they are entitled to raise affirmative defenses to demonstrate that plaintiffs' redhibition claims are prescribed, preempted, and preempted under state law. Defendants, however, must demonstrate that "there is absolutely no possibility that the plaintiff[s] will be able to establish a cause of action against the in-state defendant[s] in state court." *Sid Richardson Carbon & Gasoline v. Interenergy Resources, Ltd.*, 99 F.3d 746, 751 (5th Cir.1996) (quoting *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 259 (5th Cir.1995)). This Court "must evaluate all factual allegations and ambiguities in the controlling state law in favor of the plaintiff." *See id.* (citations omitted). Accordingly, "if there is any possibility that the plaintiff has stated a cause of action against any non-diverse defendant, the federal court must conclude that joinder is proper, thereby defeating complete diversity, and the case must be remanded." *See id.* (citations omitted).

Despite defendants' contestations to the contrary, this Court cannot conclude that plaintiffs have no cause of action against the Louisiana defendants, particularly when considering the factual allegations and legal ambiguities in the light most favorable to the plaintiffs. *See Badon,* 236 F.3d at 286; *Cooper v. Brown & Williamson Tobacco Corp.*, No. CV00–2539 (E.D. La. April 12, 2001). Defendants' affirmative defenses raise questions of fact and law that must be answered in favor of the plaintiffs for purposes of deciding remand. *See Rodriguez v. Sabatino,* 120 F.3d 589, 591 (5th Cir.1997). Therefore, defendants fail to meet their burden of proving fraudulent joinder.

## III. CONCLUSION

For the foregoing reasons, plaintiffs' motion to remand is GRANTED and this case is REMANDED to Civil District Court for the Parish of Orleans, State of Louisiana.