**Mercedes SHIELDS, Plaintiff,**

v.

**BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC; Ford Motor Company; and Mario Perez d/b/a Sun City Motors, Defendants.**

**No. EP–05–CA–374–PRM.**

United States District Court,
W.D. Texas,
El Paso Division.

Nov. 18, 2005.

Thomas G. Wicker, Jr., Mendel Blumenfeld L.L.P., El Paso, TX, for Plaintiff.

Thad K. Jenks, Knox D. Nunnally, Morgan L. Copeland, Jr., Vinson & Elkins, LLP, Houston, TX, for Defendants.

### ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

MARTINEZ, District Judge.

On this day, the Court considered Plaintiff Mercedes Shields's ("Shields") "Motion to Remand" ("Motion to Remand"), filed on October 27, 2005, and Defendant Bridgestone Firestone North American Tire LLC's ("Firestone") "Opposition to Plaintiff's Motion to Remand," filed on November 7, 2005, in the above-captioned cause. After due consideration, the Court is of the opinion that Shields's Motion to Remand should be granted for the reasons set forth below.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On August 29, 2005, Shields filed her Original Complaint alleging various products liability claims against Firestone, Ford Motor Company ("Ford"), and Mario Perez d/b/a Sun City Motors ("Perez"). Plaintiff Shields is a citizen of New Mexico. Defendant Firestone is a Delaware company with its principal place of business in Tennessee. Defendant Ford is an Ohio company with its principal place of business in Michigan. Defendant Perez is a citizen of Texas. On October 7, 2005, Firestone removed the case from Texas state court to the United States District Court for the Western District of Texas based on diversity jurisdiction, contending that diversity exists if the Court disregards the citizenship of Perez.[1] Firestone

1. The Court notes that Firestone did not sufficiently indicate that Ford joined in the remov-

further claimed that Perez's citizenship should be ignored based on a Texas statute which generally exempts non-manufacturing sellers from products liability suits. On October 27, 2005, Shields moved to remand the case back to state court, alleging that she sufficiently pleaded exceptions to the Texas statute and that Firestone failed to establish the threshold amount in controversy. The questions presented are whether Shields improperly joined[2] Perez to defeat removal and diversity jurisdiction, and, if so, whether Firestone has sufficiently established that the amount in controversy exceeds $75,000.

## II. STANDARD

■ When plaintiffs choose to file suit in state court, defendants may remove the case to federal court if there is complete diversity of citizenship among the parties involved and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332, 1441(a). However, federal jurisdiction based on diversity is improper if any "of the parties in interest *properly* joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added). Therefore, where defendants seek removal and non-diverse defendants are present in the case, the defendants must show that complete diversity exists by demonstrating that the plaintiff has improperly joined the non-diverse defendants.

■ "The party seeking removal bears a heavy burden of proving that the joinder of the instate party was improper." *Smallwood*, 385 F.3d at 574 (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir.1999)). The removing party must prove improper joinder by clear and convincing evidence. *Grassi v. Ciba–Geigy, Ltd.*, 894 F.2d 181, 186 (5th Cir.1990) (citation omitted). There are two ways a removing party can establish improper joinder. It can show (1) actual fraud in a plaintiff's pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse defendants in state court. *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir.2003) (citation omitted). Because Firestone has not alleged actual fraud in Shields's pleading of jurisdictional facts, only the latter method of establishing improper joinder is before the Court.

■ The test under the second method of establishing improper joinder is whether the defendant has demonstrated that "there is no reasonable basis for the

---

al. The rule of unanimity requires that "all defendants who are properly joined and served must join in the removal petition, and that failure to do so renders the petition defective." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir.1988). While 28 U.S.C. § 1446 does not require every defendant to sign the original petition to indicate its consent to removal, a mere statement in the notice of removal that all served defendants "consent" is insufficient. *Id.* at 1262 n. 11. Adequate consent must be "some timely filed written indication from each served defendant ... that it has actually consented to such action. Otherwise, there would be nothing on the record to 'bind' the allegedly consenting defendant." *Id.* Firestone's notice of removal states that "Defendant Ford Motor Company has consented to removal." This is insufficient to indicate that Ford joined in the removal. However, Shields waived any objection to this procedural violation because she did not object within thirty days of removal. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal. . . .").

2. Fifth Circuit decisions have interchangeably used the terms "fraudulent joinder" and "improper joinder" to describe suit against non-diverse defendants to defeat removal or diversity jurisdiction. Although there is no substantive difference between the two terms, the preferred term is "improper" joinder. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 571 n. 1 (5th Cir.2004).

district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573.[3] In the "reasonable basis" analysis, "all disputed questions of fact and all ambiguities in state law must be resolved in favor of the plaintiff." *Gray*, 390 F.3d at 405 (citations omitted). If a plaintiff has only a mere theoretical possibility of recovery under state law against non-diverse defendants, it will not preclude a finding of improper joinder. *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n. 4 (5th Cir.2000).

 One way a court can resolve the question of whether a plaintiff has a reasonable basis of recovery against an in-state defendant is to conduct a Rule 12(b)(6)-type analysis. *Smallwood*, 385 F.3d at 573. In this analysis, a court examines "the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* This method may be employed because in many instances, "if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.*[4]

## III. ANALYSIS

Firestone asserts that Shields would be unable to establish a cause of action against Perez in state court because of Texas Civil Practice and Remedies Code section 82.003. Subject to several exceptions, this statute protects distributors who did not manufacture a product from products liability suits. TEX. CIV. PRAC. & REM. CODE ANN. § 82.003 (Vernon Supp.2004). Shields claims that she has properly joined Perez under three exceptions to the statute, sections 82.003(a)(4),(5), or (6).

 The Court cannot hold that there is no reasonable basis to predict that Shields might be able to recover against Perez. Under section 82.003(6), a non-manufacturing seller remains subject to liability if: (a) "the seller actually knew of a defect to the product at the time the seller supplied the product; and (b) the claimant's harm resulted from the defect." TEX. CIV. PRAC. & REM.CODE ANN. § 82.003(a)(6). Shields's original petition asserts that Perez "failed to give adequate warnings of the vehicle's dangers that were *known* or by the anticipation of reasonable developed human skill and foresight should have been known." (emphasis added). Shields further alleged that the defects "were a producing cause of the occurrence, injuries and/or Mercedes Shields' damages." Shields has pleaded both the requirements of section 82.003(a)(6). *See Reynolds v. Ford Motor Co.*, No. Civ.A.5:04CV085-C, 2004 WL 2870079, at *3 (N.D.Tex. Dec.13, 2004) (noting, under section 82.003(a)(6), that a "plaintiff's pleading that a dealership 'knew' or had 'full knowledge' of the al-

---

3. Past cases have summarized the test as requiring that the defendant demonstrate that there is no possibility of recovery by the plaintiff against an in-state defendant. *See, e.g., Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir.1983). Although there is no substantive difference between the seemingly divergent "no possibility" and "reasonable basis" standards, *Travis*, 326 F.3d at 647, the Fifth Circuit recently gave preference to the "reasonable basis" formulation of the improper joinder test. *Gray v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 405 (5th Cir.2004); *Smallwood*, 385 F.3d at 573. Though the Fifth Circuit prefers the "reasonable basis" rule

statement, it is merely a semantic change from prior rule statements.

4. In limited instances, a court may pierce the pleadings and conduct a summary inquiry considering summary judgment-type evidence to determine whether a plaintiff has a reasonable possibility of recovery in state court. *Smallwood*, 385 F.3d at 573. However, this form of inquiry is inappropriate and unnecessary in this case. No discovery had been conducted prior to removal, the parties have not submitted affidavit evidence, and there is no other summary-judgment type evidence to review.

leged defect at the time of the sale is sufficient when viewed in the light most favorable to the plaintiff"). Taking Shields's complaint as true and drawing all inferences in the light most favorable to her, the Court is of the opinion that there is more than a theoretical possibility that Shields could recover under state law against Perez.[5]

Where a plaintiff attempts to state multiple claims against in-state defendants, if even one of the many claims presents a reasonable probability of recovery in state court, a remand is necessary. *See Green,* 707 F.2d at 208 ("If even one of [Plaintiff's] many claims might be successful, a remand to state court is necessary.") (citation omitted). Because the Court concludes that Firestone has not demonstrated the absence of a reasonable basis to predict recovery by Shields's against Perez under section 82.003(a)(6), the Court need not discuss the alternate exceptions to section 82.003 or Shields's allegation that Firestone did not sufficiently establish that the amount in controversy exceeded $75,000.

## IV. CONCLUSION

In sum, the Court finds that Firestone has not demonstrated that there is no reasonable basis to predict recovery in state court for at least one of Shields's claims against the in-state defendant Perez. Consequently, Firestone has not met its heavy burden of demonstrating that Perez was improperly, or fraudulently, joined. As a result, there is a lack of complete diversity among the parties, depriving the Court of subject-matter jurisdiction over the above-captioned cause. Therefore, the Court concludes that Shields's Motion to Remand should be granted, and the case

remanded to the 346th District Court of El Paso County, Texas.

Accordingly, **IT IS FURTHER ORDERED** that Plaintiff Mercedes Shields's "Motion to Remand" is **GRANTED.**

**IT IS FURTHER ORDERED** that the above-captioned cause is **REMANDED** to the 346th District Court of El Paso County, Texas.

**IT IS FURTHER ORDERED** that all other pending motions, if any, are **DENIED AS MOOT.**

**IT IS FINALLY ORDERED** that the Clerk shall close this matter.

---

**5.** "If the facts set out in plaintiffs' complaint, taken as true and drawing all inferences in the light most favorable to plaintiffs, at least raise the possibility that they could succeed in establishing a claim against the in-state defen-dant, the defendant's citizenship cannot be disregarded and diversity jurisdiction is absent." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 311 (5th Cir.2002)