## ROSS WILLIAMS v. THE STATE.

No. 18850.   Delivered March 24, 1937.

The opinion states the case.

*Scarborough & Ely,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale in a dry area; punishment, a fine of $100.00.

It was admitted on the trial of this case that Taylor County is a dry area, in that local prohibition, with due formalities, had been voted in said county, and that appellant was found on June 29, 1936, in the city of Abilene, Taylor County, having in his automobile ten cases of beer of alcoholic content exceeding one half of one per cent by volume; also that appellant was at the time manager of what is known as the Abilene Athletic

Club, which had approximately 250 members,—a prerequisite to membership being that a written application had to be made which called for a deposit of $5.00 by the applicant with said manager. Upon approval as a member the applicant paid a monthly sum of $1.00 dues, the primary purpose of the $5.00 mentioned being that it was to be used in the purchase of merchandise; and also that if a member withdrew he was entitled to the return of his $5.00 deposit provided it had not been consumed in the "Individual purchase of merchandise or in the payment of dues." When the $5.00 deposit had been consumed, it was also understood that the member should deposit a like sum; also the general properties and activities of the club are set out; it is shown that appellant is permitted to sell chewing gum, cigars, cigarettes, sandwiches, coffee, milk, and soft drinks, and put the profits of such business into the payment of part of his salary as manager. It is further set out in the agreed statement that some of the members of said athletic club had directed appellant to have on hand in said club beer for their consumption, and that the beer upon which this prosecution is predicated had been ordered by various members, and that "Appellant had gone to Sweetwater, and, acting as manager of said club and agent for the members of said club," had purchased with the money of said members said beer to bring back "for the members of the club." Each member was to pay to the manager 15 cents per container for said beer when he received his beer at said club, and said 15 cents and the profit, if any, was deposited in "The members deposit account" to replenish same and to be used in accordance with the "directions of the members of said club." It is further stated that appellant got no profit from the sale of any beer, but from the revenues, dues and profits from the sale of merchandise were to be paid all expenses in the operation of said club, the rent of the buildings and salaries of attendants.

It is provided in Sec. 4 (b) of Art. I of the Texas Liquor Control Act, as follows:

"It shall be unlawful for any person to manufacture, sell, transport or possess for the purpose of sale in any dry area under this or any other Act in this State any liquor containing alcohol in excess of one-half ($\frac{1}{2}$) of one per centum (1%) by volume * * *"

It is also provided in Sec. 23a of said Art. I, as follows:

"It shall be unlawful for any person to possess liquor for the purpose of sale in any dry area. Possession of more than

one quart of liquor in such area shall be prima facie evidence that such liquor is possessed for the purpose of sale."

Sec. 3 (a) of said Art. I, is as follows:

"Whenever the word liquor is used in this Act it shall mean and refer to any alcoholic beverage containing alcohol in excess of four per cent by weight unless otherwise indicated."

Appellant insists that since the agreed statement upon which this case was tried says only that he was found in Abilene, a dry area, in possession of ten cases of beer of more than one-half of one per cent of alcohol by volume,—same being more than one quart,—that no presumption arose as to his possession being for purposes of sale, as set out in that part of the statute above quoted, since the liquor possessed was not whisky, and was not shown to contain liquor in excess of four per cent of alcohol by weight.

In Ex parte Meadows, 100 S. W. (2d) 702, we held against appellant's contention, and held that the particular designation in Sec. 4 (b) controls the general description set out in Sec. 3 (a) of said Texas Liquor Control Act.

Having been found in possession of more than a quart of forbidden liquor in a dry area, that is, more than a quart of liquor containing in excess of one-half of one per cent of alcohol by volume, the presumption that appellant had same for the purpose of sale arose, and the judgment of the trial court, based thereon, must be upheld by us unless such presumption is shown to have been met and overcome by testimony to the contrary.

We have examined as carefully as we could the agreed statement upon which the case was tried. Same shows that appellant,—acting for "various members" of the club in question which, as far as we can tell, might mean any number of members or the whole number of members,—had purchased at Sweetwater the ten cases of beer found in posesssion of appellant, for the express purpose of a re-sale of same "at 15 cents per container" to the "members of the athletic club." Again it is set out as follows: "Each member was to pay 15 cents per container" for said beer when he received his beer at said club; and said 15 cents and the profit, if any, was deposited in the "members deposit account" to replenish same and be used in accordance with directions of the members of said club." Do these facts rebut the presumption mentioned? To us they seem to support and confirm same. We note that as each member received a container of beer, he was "to pay to the manager 15 cents per container." Appellant was the manager referred

to. How large were the containers, or how great the profit mentioned we do not know,—but out of the fund into which same went, as is said in the statement, "The manager was to pay from the revenues, dues and profits from the sale of merchandise all expenses in the operation of the club, the rent of the buildings, utilities, and salaries of attendants."

It was not necessary for appellant to have a direct interest in the profits from the sale of the beer in order to make him such seller. See authorities cited by Mr. Branch in Sec. 1242 of his Annotated P. C. Employees in most business enterprises have no direct interest in the profits from any particular sale. It is said over and over in the agreed statement herein that the dues of the members might be paid out of the deposits. The deposits might be replenished if necessary by calling upon members for more money, and unquestionably the revenues from the liquor side of the club's operation could easily find their way into the pockets of the manager. No attempt was made by tracing any particular amount contributed or paid for beer or other articles, to show this not to be the case.

As far as we can tell from the record, nobody sold the beer but appellant, and nothing rebuts the proposition that any member of the club had the right, upon payment to appellant of 15 cents, to have his container of beer. How this could lead to any other conclusion from such facts save that appellant possessed the beer in question for purposes of sale, is beyond our ken.

If part of his employment was to handle just such transactions, he was clearly a seller of the liquor, and if on the face of same he appeared to gratuitously get the beer involved, in an amount desired by the members of the club, but they paid him an amount which showed a profit on the transaction, and all this went into a fund from which he profited or was benefited directly or indirectly,—he would be guilty of the possession of such beer for purposes of sale. Many authorities are cited by Mr. Branch under Sec. 1252 of his Annotated P. C., supporting the proposition that a social club which is a mere device to evade the law will furnish no protection to the accused.

Believing the facts shown in the agreement to have justified the trial judge in the conclusion of guilt, and that no error appears, the judgment will be affirmed.

*Affirmed.*