### STEVENS v. HALLMARK, Sheriff.

#### No. 8521.

Court of Civil Appeals of Texas. Austin.

Nov. 3, 1937.

Early & Johnson and J. Edward Johnson, of McCartney, McCartney & Johnson, all of Brownwood, for appellant.

A. O. Newman, of Coleman, and Woodruff & Holloway, of Brownwood, for appellee.

BAUGH, Justice.

T. E. Stevens sued the sheriff of Brown county to recover 129 cases of beer seized by the sheriff on the 29th of July, 1935, under a search warrant; or in the alternative for damages in the sum of $2 per case for alleged unlawful detention by the sheriff of said beer, which Stevens claimed as his property. The trial was to the court, and judgment rendered that the plaintiff take nothing; from which judgment he prosecutes this appeal.

The agreed statement of facts shows that Brown county was, at the time said beer was seized, dry territory; that Stevens possessed said beer for purposes of sale, in violation of law; that Brown county has been at all times since said date, and still is, dry territory, wherein the possession of such quantity of beer for sale constituted a violation of the Texas Liquor Control Act (Vernon's Ann.P.C. art. 666—1 et seq.).

■ It necessarily follows, therefore, that, if such beer were restored to Stevens, his possession thereof would be unlawful. Williams v. State (Tex.Cr.App.) 103 S.W. (2d) 380. While several questions are presented on this appeal, we have reached the conclusion that all of them become immaterial under the new settled rule in this state that no legal right, which will form the basis of a cause of action, arises out of an unlawful act; and that no such alleged right can be asserted in the courts, the foundation of which must be predicated upon the admittedly unlawful act of the party asserting it. 1 Tex.Jur. § 22, p. 630; 1 C.J. § 52, p. 957; 1 Am.Jur. § 16, page 414; Heard v. Denman (Tex.Civ.App.) 29 S.W.(2d) 824. This rule, as stated in 1 C.J.S. Actions, § 13, page 996, is as follows: "A person cannot maintain a cause of action if, in order to establish it, he must rely, in whole or in part, on an illegal or immoral act or transaction to which he is a party."

Manifestly the only cause of action which Stevens could assert, under his own admissions, is based upon his own violation of the law. This intoxicating liquor, being seized by the sheriff under legal process, the seizure was not wrongful, and the sheriff was in no sense in pari delicto in the premises. It follows, therefore, that in no event was Stevens, under his pleadings and the agreed statement of facts, entitled to maintain any cause of action against the sheriff. The judgment of the trial court will therefore be affirmed.

Affirmed.