**Rosa RODRIQUEZ, Appellant,**

v.

**Joan A. LOVE, d/b/a Joan A. Love Insurance Agency and Northwestern National County Mutual Insurance Co., Appellees.**

**No. 08–92–00334–CV.**

Court of Appeals of Texas, El Paso.

June 30, 1993.

Rehearing Overruled Aug. 18, 1993.

Rick G. Strange, Cotton, Bledsoe, Tighe & Dawson, Midland, for appellant.

Patrick S. Gerald, Kemp, Smith, Duncan & Hammond, Midland, Kathleen M. McCulloch, Shafer, Davis, McCollum, Ashley, O'Leary & Stoker, Odessa, for appellees.

Before KOEHLER, BARAJAS and LARSEN, JJ.

## OPINION

BARAJAS, Justice.

This is an appeal from a summary judgment granted on a suit on an automobile insurance policy. Rosa Rodriquez, Appellant, brought several causes of action after her policy was allegedly wrongfully canceled. Joan A. Love and Northwestern National County Mutual Insurance Company, Appellees, moved for and were granted summary judgment. We affirm the judgment of the trial court in part and reverse in part.

## I. SUMMARY OF THE EVIDENCE

Rosa Rodriquez purchased a policy of automobile liability insurance from Northwestern National County Mutual Insurance Company ("Northwestern") through Joan Love, its recording agent in Midland, Texas. The automobile insurance policy was effective February 5, 1990. On March 18, 1990, Northwestern informed Appellant by written correspondence that her first premium payment was overdue. Northwestern further advised Appellant that in the absence of receipt of the overdue insurance premium on or before March 28, 1990, that Appellant's automobile insurance policy would be canceled. On both the automobile insurance policy, as well as Northwestern's letter of March 18, 1990, Joan Love was listed as Northwestern's authorized representative. On March 20, 1990, Appellant tendered her insurance premium in the amount of $91 at Love's office and was given the appropriate receipt.

On April 20, 1990, Appellant once again received written correspondence from Northwestern. Enclosed in this second letter was the insurance premium tendered by her to Love on March 20, 1990. Additionally, Appellant was advised that since Northwestern had not received Appellant's insurance premium prior to the March 28 deadline, that

her automobile insurance policy was canceled effective that date.[1] In addition to notifying Appellant of the cancellation of her automobile insurance policy, Northwestern also notified the Texas Department of Public Safety of the cancellation of Appellant's policy. Thereafter, Appellant's driving privileges were suspended by the Texas Department of Public Safety. Appellant was subsequently advised in writing by the Texas Department of Public Safety that her driving privileges had been suspended.

The record further shows that Appellant nonetheless continued to tender premium payments and asserts that she was advised by persons in Love's office that she was still insured.[2] In addition, Appellant was given insurance identification cards by Love's office as "proof" of insurance coverage. According to these cards, Appellant was afforded insurance coverage until November 8, 1990. Nevertheless, the Texas Department of Public Safety failed to reinstate Appellant's driving privileges and subsequently arrested her on July 7, 1990 and October 11, 1990 for the offense of driving with license suspended. It is uncontroverted that Appellant never received notice from the Texas Department of Public Safety that her license was reinstated.

After her arrests, Appellant filed suit against Northwestern and Love alleging causes of action for violation of the Deceptive Trade Practices and Consumer Protection Act (DTPA), Article 21.21 of the Texas Insurance Code, breach of the duty of good faith and fair dealing, and common law negligence and fraud. Northwestern and Love moved for summary judgment asserting that Appellant could not recover because her causes of action were predicated on her own unlawful act of driving with license suspended. The trial court granted summary judgment in favor of Northwestern and Love on May 27, 1992 resulting in the instant appeal.

## II. DISCUSSION

The standard of review on appeal is whether the successful movant at the trial level carried its burden of showing that there is no genuine issue of material fact and that a judgment should be granted as a matter of law. *Lier Siegler, Inc. v. Perez,* 819 S.W.2d 470, 471 (Tex.1991); *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex. 1985); *Hernandez v. Kasco Ventures Inc.,* 832 S.W.2d 629, 631 (Tex.App.—El Paso 1992, no writ). Thus, the question on appeal is not whether the summary judgment proof raises fact issues as to required elements of the movant's cause or claim, but whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of material fact as to one or more elements of the movant's cause or claim. *Gibbs v. Gen. Motors Corp.,* 450 S.W.2d 827, 828 (Tex. 1970).

In resolving the issue of whether the movant has carried this burden, all evidence favorable to the non-movant must be taken as true and all reasonable inferences, including any doubts, must be resolved in the non-movant's favor. *Nixon,* 690 S.W.2d at 548–49; *Stoker v. Furr's, Inc.,* 813 S.W.2d 719, 721 (Tex.App.—El Paso 1991, writ denied). Where the defendants are the movants and they submit summary evidence disproving at least one essential element of each of plaintiff's causes of action, then summary judgment should be granted. *Perez,* 819 S.W.2d at 471; *Bradley v. Quality Service Tank Lines,* 659 S.W.2d 33, 34 (Tex.1983); *Hernandez v. Kasco Ventures Inc.,* 832 S.W.2d at 633.

The above standard of review is altered when the movant relies on an affirmative defense to avoid liability. Instead of merely demonstrating the lack of a fact issue as to one element of the non-movants claim, the movant must establish each element of his defense as a matter of law. *Munoz v. Gulf Oil Co.,* 693 S.W.2d 372, 373 (Tex.1984); *Republic Bankers Life Ins. Co. v. Wood,* 792

---

1. This letter stated that Appellant's premium was being returned for failure to pay in accordance with the terms of the notice of cancellation. The notice asked that the premium be mailed in the envelope provided.

2. Appellant tendered her insurance premium, and was given appropriate receipts for payment made to Love's office on April 30, 1990, June 6, 1990, July 5, 1990, July 23, 1990, and September 7, 1990.

S.W.2d 768, 776 (Tex.App.—Fort Worth 1990, writ denied).

Appellant assigns two points of error to the trial court's granting of summary judgment. Under these points, she advances two arguments: (1) that the "unlawful act" rule does not apply; and (2) that the trial court improperly granted summary judgment dismissing causes of action not addressed in Appellee's motion for summary judgment. Thus, central to the proper disposition of the instant case are: (1) whether Appellant's unlawful act of driving with a suspended license, is excused due to the insurer's wrongful act of causing her license to be suspended; and (2) whether Appellant presents viable causes of action independent of those based on her arrests.

The unlawful act rule provides that no action may be predicated upon an admittedly unlawful act of the party asserting it. *Stevens v. Hallmark*, 109 S.W.2d 1106 (Tex. Civ.App.—Austin 1937, no writ). But, if a party can show a complete cause of action without being obliged to prove their own illegal act, although the illegal act may appear incidentally and may be important in explanation of other facts in the case, they may recover. *Associated Milk Producers v. Nelson*, 624 S.W.2d 920, 924 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.).

The evidence establishes that Appellant continued to drive despite receiving notice from the Department of Public Safety that her license had been suspended. This was clearly a violation of law under Texas Revised Civil Statutes, Article 6687b, which states as follows:

> No person, except those hereinafter expressly exempted, shall drive any motor vehicle upon a highway in this State unless such person has a valid license ... under the provisions of this Act.

TEX.REV.CIV.STAT.ANN. art. 6687b, § 2(a) (Vernon 1977). Moreover, despite Appellant's arguments to the contrary, the law does not require the insurance company to contact the Texas Department of Public Safety to secure reinstatement of an insured's driver's license. In fact, it requires the opposite. Under the Texas Safety Responsibility Act, persons must pay a $50 fee and show proof of financial responsibility before their license can be renewed. TEX.REV.CIV.STAT. ANN. art. 6701h, §§ 7A and 17 (Vernon Supp. 1993). Moreover, once the DPS notified Appellant it had suspended her license, the Act further required that Rodriquez return the license to the Department within ten days. TEX.REV.CIV.STAT.ANN. art. 6701h, § 31 (Vernon 1977). The record shows that Appellant never surrendered her license as required by law. Despite the fact that Appellee may have wrongfully contacted the Department of Public Safety causing Appellant's license to be suspended and even though Appellant continued to tender premium payments with the apparent expectation that she was insured and that the situation would be corrected, this does not excuse her unlawful act. Thus, we find that the unlawful act rule precludes Appellant's causes of action and damages to the extent they are based on and stem from her arrests for the offense of driving while license suspended.

Appellant contends, however, that she alleged viable causes of action independent of the above arrests. Specifically, Appellant maintains that each of her alleged causes of action became viable before she was ever arrested. We agree. The record shows that Appellees failed to attack these causes of action by points in their summary judgment motion. The summary judgment standard requires a movant to negate an element of every one of the non-movant's causes of action. Insofar as we have found that the unlawful act rule only precludes Appellant's actions to the extent they seek damages stemming from her arrests, we find that the trial court erred in entering a take-nothing judgment dismissing those alternative causes of action. Accordingly, Points of Error Nos. One and Two are sustained in accordance with this opinion.

Having found the unlawful act to preclude Appellant's causes of actions and damages to the extent they are based on her arrests, we affirm the judgment of the trial court in part and reverse that same judgment in part.