Francisco F. MACIAS, Appellant,

v.

Freddy MORENO, Jr., Appellee.

No. 08–98–00414–CV.

Court of Appeals of Texas,
El Paso.

Aug. 17, 2000.

Rehearing Overruled Sept. 13, 2000.

Robert J. Perez, El Paso, for appellant.

John P. Mobbs, William B. Hardie, Jr., Hardie & Baxter, Ken Slavin, Brower & Slavin, El Paso, for appellee.

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

### OPINION

CHEW, Justice.

This is an appeal from a jury verdict in a legal malpractice case. We affirm.

Appellee, Freddy Moreno, Jr., a police officer with the Anthony Police Department, was indicted for violating the civil rights of a prisoner. He was released on $1,000 bond. Moreno hired Appellant, Francisco F. Macias, to defend him. Macias neglected to inform Moreno of the final judge's conference and Moreno did not appear. The trial court revoked Moreno's bond and a warrant for his arrest was issued. Moreno was arrested and spent three weeks in jail after Macias' attempts to have Moreno's bond reduced were unsuccessful. Moreno then fired Macias and hired another attorney, Anthony Gonzalez. The charges were ultimately dismissed for lack of evidence.

Moreno brought suit against Macias alleging negligence, violations of the DTPA, breach of contract, intentional infliction of emotional distress, and seeking attorney's fees. Only the negligence claim was submitted to the jury. The jury found Macias was ninety percent responsible for Moreno's damages. The jury assessed damages of $30,000 for mental anguish, $6,000 for lost wages, $5,000 in legal fees paid to Gonzalez, and $2,500 for legal fees paid to Macias. The trial court entered judgment awarding Moreno $39,150. This appeal follows.

Macias presents three issues on appeal. First, he argues that Texas law prohibits a client from maintaining a legal malpractice suit for damages arising from his criminal conviction. Thus, he asks whether the same principle precludes a client from shifting to his attorney the burden of consequences flowing from his criminal charges. Second, Macias argues that the trial court erred in refusing his requests that the jury determine whether Moreno was guilty of the underlying criminal charge, or for an instruction that if he was guilty, then his conduct was the sole proximate cause of his own damages. Third, Macias argues that Moreno's failure to appear was a crime in itself and the "unlawful act rule" bars claims for damages arising from that conduct. Macias addresses Issues One and Two together in his brief and we will do the same.

■ In Issue One, Macias argues that Moreno's underlying criminal conduct, being charged with violating a prisoner's rights, was the sole proximate cause of his own damages as a matter of law and public policy and Moreno should not be allowed to shift the consequences of his conduct to the attorney defending that charge. Moreno initially responds that Macias waived

the sole proximate cause argument because he never pleaded that Moreno's criminal conduct was the sole proximate cause of his damages. We agree.

In his amended answer, Macias asserts the following as an affirmative defense:

Plaintiff in this case should be barred from recovering because of his contributory negligence in failing to abide with his duty of keeping his attorney and the bonding company apprised of his current address and place of employment. Plaintiff's negligence in this case was the sole cause of his missing a court date and the sole cause of the arrest warrant which was issue by the court.

Macias clearly asserts that Moreno's failure to keep his attorney advised of his current address was the sole proximate cause of his missing the court date. We do not believe that even construing this pleading liberally, it can be reasonably inferred that Macias is asserting a sole proximate cause defense based on Moreno's criminal conduct. *See, e.g., Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex.1993); *Paramount Pipe & Supply Co. v. Muhr*, 749 S.W.2d 491, 494 (Tex.1988); *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex.1982); *Bank One, Texas, N.A. v. Stewart*, 967 S.W.2d 419, 430 (Tex.App.—Houston [14th Dist.] 1998, pet. denied)(Opin. on reh'g). Further, in his motion for JNOV, Macias argued that the illegal conduct of Moreno which precluded his recovery was Moreno's moving out of the jurisdiction in violation of the conditions of his release. We do not think it can be reasonably inferred that Macias was arguing the same issue he presents on appeal. Issue One is waived.

In Issue Two, Macias contends the trial court erred in refusing his requests that the jury determine whether Moreno was guilty of the underlying criminal charge, or for an instruction that if he was guilty, then his conduct was the sole proximate cause of his damages. We review the court's charge under an abuse of discretion standard. *See Texas Dept. of Human Services v. E.B.*, 802 S.W.2d 647,

649 (Tex.1990). The trial court's failure to submit a requested instruction will constitute reversible error if the failure probably caused the rendition of an improper judgment. TEX.R.APP.P. 44.1(a)(1); *see Sanchez v. King*, 932 S.W.2d 177, 182 (Tex. App.—El Paso 1996, no writ). Rule 273 provides that either party may present to the court and request written questions, definitions, and instructions to be given to the jury, and the court may give them or a part thereof, or may refuse to give them, as may be proper. TEX.R.CIV.P. 273. The court shall submit such instructions and definitions as shall be proper to enable the jury to render a verdict. TEX.R.CIV.P. 277. Furthermore, the court shall submit the questions, instructions, and definitions that are raised by the written pleadings and the evidence. TEX.R.CIV.P. 278; *see Elbaor v. Smith*, 845 S.W.2d 240, 243 (Tex.1992). An instruction is proper only if it (1) assists the jury, (2) accurately states the law, and (3) finds support in the pleadings and evidence. *See McReynolds v. First Office Mgmt.*, 948 S.W.2d 342, 344 (Tex.App.—Dallas 1997, no writ). The trial court has considerable discretion in submitting explanatory instructions and definitions to enable the jury to render a verdict. *See Mobil Chemical Co. v. Bell*, 517 S.W.2d 245, 256 (Tex.1974).

The instructions and questions that were requested and refused are as follows:

### INSTRUCTION NO. 2

You are instructed that if Plaintiff Freddy Moreno's conduct was the cause in fact for his incarceration, you must decide in favor of the Defendant Francisco Macias. Cause in fact means that the Plaintiff's conduct was a substantial factor in bringing about the injury which would not otherwise have occurred. You are instructed that as a matter of public policy, the Texas Supreme Court has ruled that guilty people may not shift the consequences of their crime to a third party. If you determine that

Plaintiff was guilty of violating Carlos Rey Lara's civil rights as charged in the *State of Texas v. Freddy Moreno,* then, as a matter of law, Plaintiff's illegal act was the sole proximate and producing cause of his incarceration and any other damages he suffered.

. . .

### INSTRUCTION NO. 3

If you determine that Plaintiff's failure to advise his attorney or the bonding company was the reason that Plaintiff was not notified of his court date, then Plaintiff's conduct was the sole proximate and producing cause of his incarceration as a matter of law.

. . .

### QUESTION 1

Do you find from a preponderance of the evidence that Plaintiff Freddy Moreno was guilty of violating the civil rights of Carlos Rey Lara as charged in the *State of Texas v. Freddy Moreno?*

. . .

If you answered "yes" to question no. 1, do not answer any more questions.

### QUESTION 2

Do you find from a preponderance of the evidence that Defendant Francisco Macias was negligent in his defense of Freddy Moreno?

. . .

### QUESTION 3

Do you find from a preponderance of the evidence that Freddy Moreno was negligent in failing to tell his lawyer and his bonding company of his new address and of his new place of employment?

Macias argues that under *Peeler v. Hughes & Luce,* 909 S.W.2d 494 (Tex. 1995), Moreno is barred from recovery unless he can show he has been exonerated of the underlying criminal charge. Thus, Macias maintains that he was entitled to an instruction and question regarding Moreno's guilt or innocence on the underlying criminal charge. Moreno responds that the defense of sole proximate cause in a legal malpractice case against a criminal defense attorney applies only to suits by convicted clients. *See Peeler,* 909 S.W.2d at 497–98; *Prudential Securities, Inc. v. Haugland,* 973 S.W.2d 394, 398 (Tex. App.—El Paso 1998, pet. denied). Moreno contends that because the case against him was dismissed, he was exonerated of the criminal charges, and the sole proximate cause instruction is unavailable to Macias. We agree.

The Court in *Peeler* held that "it is the illegal conduct rather than the negligence of a convict's counsel that is the cause in fact of any injuries flowing from the conviction, unless the conviction has been overturned." *Peeler,* 909 S.W.2d at 498. *Peeler* is distinguishable because Moreno was never convicted of the underlying criminal charge. In fact, the case was ultimately dismissed. We do not believe the requested instructions and questions were supported by the pleadings and evidence. Nor do we find that the requested instructions and questions accurately stated the law. Macias was not entitled to the requested submission. Thus, the trial court did not abuse its discretion in refusing to submit the instructions and questions. We overrule Issue Two.

██ In his final issue, Macias maintains that Moreno's failure to appear at the final judge's conference was illegal and thus the unlawful act rule bars his recovery. Moreno argues that this issue was waived because it is being raised for the first time on appeal. Because Macias argued in his motion for JNOV that Moreno should not benefit from his illegal conduct, we find this sufficient to preserve the issue for appeal. Alternatively, Moreno contends that even if Macias preserved the issue for appeal, no evidence was introduced to support the defense. We agree.

██ The unlawful acts rule states that no action may be predicated upon an

admittedly unlawful act of the party asserting it. *See, e .g., Duncan Land & Exploration, Inc. v. Littlepage,* 984 S.W.2d 318, 328 (Tex.App.—Fort Worth 1998, pet. denied); *Rodriquez v. Love,* 860 S.W.2d 541, 544 (Tex.App.—El Paso 1993, no writ); *Farha v. Elam,* 385 S.W.2d 692, 695 (Tex.Civ.App.—Fort Worth 1964, writ ref'd n.r.e.); *Stevens v. Hallmark,* 109 S.W.2d 1106 (Tex.Civ.App.—Austin 1937, no writ). However, if a party can show a complete cause of action without being obliged to prove their own illegal act, although the illegal act may appear incidentally and may be important in explanation of other facts in the case, they may recover. *See Rodriquez,* 860 S.W.2d at 544, *citing Associated Milk Producers v. Nelson,* 624 S.W.2d 920, 924 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.).

In the case at bar, there was no evidence introduced at trial that Moreno "admittedly" committed the unlawful act of bail jumping. *See Rodriquez,* 860 S.W.2d at 544. Nor was there any evidence that Moreno was charged with this offense. Moreno sued Macias for negligence. This is a cause of action separate and apart from the alleged illegal act of bail jumping. Moreno was not required to prove his own alleged illegal act to recover. The jury found that Macias was ninety percent negligent. Under these facts, we do not believe Moreno was barred from recovery under the unlawful act rule. Accordingly, Issue Three is overruled.

Having overruled all of Macias' issues, we affirm the judgment of the trial court.