COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-223-CV

LAVERN BRACY APPELLANT

V.

WAL-MART STORES, INC. APPELLEE

------------

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A trial court granted the summary judgment motion of Appellee Wal-Mart Stores, Inc. in the wrongful death action brought by Appellant Lavern Bracy for the death of her daughter Shayla Stewart.  On appeal, Bracy raises the sole point of whether Wal-Mart’s breach of the duty of care was the proximate cause of Stewart’s death.  Wal-Mart brings two cross-issues, arguing that this court should disregard certain summary judgment evidence filed by Bracy.  Because we hold that Bracy did not address each of Wal-Mart’s independent grounds for summary judgment, we affirm the trial court’s judgment.

Facts and Procedural History

Shayla Stewart had a history of mental illness.  She had been diagnosed with bipolar affective disorder as early as February 1999.  In 2002, she had been committed for temporary mental health services after a court found that she was mentally ill.

On March 29, 2003, Stewart went with her mother to a Wal-Mart store located in Denton, Texas.  While there, Stewart became upset and physically assaulted her mother and a customer.  Store management escorted Stewart out of the store.  The police arrived and issued her a citation for assault by contact.

On August 21, 2003, Stewart purchased a shotgun from a different Wal-Mart store in Denton.  The federal firearms transaction record that she completed during the sale asked whether she had ever been adjudicated mentally defective or confined to a mental institution.  Stewart answered in the negative.  On the form, “Denton County” was abbreviated to “Denton Co.,” and the manager’s signature was illegible.  On August 28, 2003, Stewart was found dead from a self-inflicted gunshot wound to the head.

Bracy filed a wrongful death action on December 6, 2004, alleging negligence, negligence per se, and gross negligence.  Wal-Mart answered and then filed a motion for summary judgment on traditional and no-evidence grounds.  Wal-Mart claimed that it was entitled to summary judgment because it had established as a matter of law that it did not breach a duty of care to Stewart and that it did not proximately cause Stewart’s death.  Wal-Mart also alleged that it had established as a matter of law two affirmative defenses, one under the “unlawful acts” rule based on Stewart’s false and misleading answers on the federal firearms form, and another under Texas Civil Practices and Remedies Code section 93.001(a)(2).  Wal-Mart further alleged that the Texas Constitution bars Bracy from recovering exemplary damages.  Finally, Wal-Mart alleged that there was no evidence of breach, proximate cause, or gross negligence.

The trial court granted summary judgment for Wal-Mart without specifying the grounds on which it based its ruling.  In accordance with its order, the trial court dismissed all of Bracy’s claims with prejudice.  Bracy now appeals.

Analysis

When a trial court’s order granting summary judgment does not specify the ground or grounds relied on for its ruling, summary judgment will be affirmed on appeal if any of the theories presented to the trial court and preserved for appellate review are meritorious.
(footnote: 2)  A party appealing the grant of a summary judgment may bring separate issues specifically challenging each ground raised in the motion.
(footnote: 3)  Alternatively, that party may make a general assertion that the trial court erred by granting summary judgment
(footnote: 4) and then under such general assignment of error “argue all the reasons the trial court erred [by] granting the summary judgment.”
(footnote: 5)  The appellant “must show it is error to base [the judgment] on any ground asserted in the motion,” and on appeal, the appellate court “must affirm the summary judgment if any one of the movant’s theories has merit.”
(footnote: 6)  Wal-Mart argues that we should affirm the judgment on procedural grounds because Bracy has not brought an appellate issue complaining generally that summary judgment was improper nor addressed all of Wal-Mart’s independent grounds for summary judgment.  We agree.

Bracy states her sole point of error as follows: “Was Wal-Mart Stores, Inc., [sic] breach of duty of care the proximate cause of Stewart’s death[,] or was there an intervening cause excusing Wal-Mart for its breach of duty?  In other words, was Wal-Mart negligent?”  Bracy does not state that the granting of summary judgment was error; however, we construe points liberally
(footnote: 7) and therefore construe this point to assert that the trial court erred by granting Wal-Mart’s motion for summary judgment because a genuine issue of material fact exists as to whether Wal-Mart was negligent.  Specifically, Bracy argues that a genuine issue of material fact exists as to whether Wal-Mart owed a duty of care to Stewart and whether the breach of this duty proximately caused Stewart’s death.

Bracy offers no argument or authority for why the trial court should not have granted summary judgment on either of the two affirmative defenses raised by Wal-Mart in its motion.  Wal-Mart first asserted a defense under the unlawful acts rule, which states that “no action will lie to recover a claim for damages, if to establish it the plaintiff requires aid from an illegal transaction, or is under the necessity of showing or in any manner depending upon an illegal act to which he is a party.”
(footnote: 8)  Bracy does not mention this asserted affirmative defense in her appellate brief.

Wal-Mart also asserted an affirmative defense under Texas Civil Practices and Remedies Code section 93.001(a)(2), which provides an affirmative defense against damages for personal injury or death where the plaintiff’s injuries result from the plaintiff’s committing or attempting to commit suicide.
(footnote: 9) Bracy does not argue that it was error for the trial court to grant summary judgment for Wal-Mart on this affirmative defense.  Because summary judgment may have been granted, properly or improperly, on one of Wal-Mart’s affirmative defenses, grounds that Bracy did not challenge, we may affirm the summary judgment.
(footnote: 10)  Even if Bracy had raised a genuine issue of material fact with respect to whether Wal-Mart was negligent, she waived her right to complain that Wal-Mart was nonetheless entitled to summary judgment on its affirmative defense.
(footnote: 11)
 Out of an abundance of caution, however, we consider whether any of Wal-Mart’s summary judgment grounds has merit.
(footnote: 12)  We first consider Wal-Mart’s affirmative defenses.  A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all the elements of the affirmative defense.
(footnote: 13)  To accomplish this, the defendant-movant must present summary judgment evidence that establishes each element of the affirmative defense as a matter of law.
(footnote: 14)  When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor.
(footnote: 15) The right to maintain a wrongful death claim “is entirely derivative of the decedent's right to have sued for his own injuries immediately prior to his death” and “is subject to the same defenses to which the decedent's action would have been subject.”
(footnote: 16)  Thus, in this wrongful death action, Wal-Mart can raise against Bracy any affirmative defense that it could have asserted against Stewart if she had sued for her own injuries.
(footnote: 17)
 Wal-Mart relied on Texas Civil Practices and Remedies Code section 93.001(a)(2), which provides a defense against damages for personal injury or death when the injuries complained of resulted from the plaintiff’s committing or attempting to commit suicide.
(footnote: 18)  Here, Bracy alleged that her damages resulted from the wrongful death of her daughter, thus making her claims subject to this affirmative defense.
(footnote: 19)
 To be entitled to summary judgment on this affirmative defense, Wal-Mart had the burden of proving as a matter of law that at the time the cause of action arose, (1) Stewart was committing or attempting to commit suicide and (2) that this conduct was the sole cause of the damages.  Wal-Mart did not have a defense under this section if its failure to comply with the applicable legal standard of care was a cause of Stewart’s suicide.
(footnote: 20)  Thus, if Wal-Mart established that Stewart’s committing suicide was the sole cause of Bracy’s damages, the burden then shifted to Bracy to bring forth evidence that at the least raised a genuine issue of material fact as to whether Wal-Mart failed to comply with an applicable legal standard.
(footnote: 21)

In its summary judgment motion, Wal-Mart correctly averred that Bracy’s cause of action arose when Stewart died.
(footnote: 22)  Thus Wal-Mart had to show that when she died, Stewart was committing or attempting to commit suicide.
(footnote: 23)  To show this element, Wal-Mart introduced the autopsy report on Stewart’s death, which lists the cause of death as a shotgun wound to the head and the manner of death as suicide.  Wal-Mart did not have to introduce any evidence on this element, however, as Bracy acknowledged in her pleadings that Stewart died from a self-inflicted gunshot wound to the head.
(footnote: 24)  Wal-Mart therefore established the first element of this defense as a matter of law.

Wal-Mart also established that it did not breach a standard of care and proximately cause Stewart’s death and that her committing suicide was the sole cause of her death.  In an attempt to raise a fact issue, Bracy cited to a federal statute that makes it unlawful to sell a firearm to a person when the seller knows or has reasonable cause to believe that the person “has been adjudicated as a mental defective or has been committed to any mental institution.”
(footnote: 25)  But Wal-Mart produced an affidavit from the store employee who sold Stewart the firearm stating that on the day in question, Stewart was calm, articulate, and able to follow instructions, and that at no time did she indicate that she wanted to commit suicide or harm others.  Wal-Mart also produced the affidavit of a board-certified psychiatrist with qualifications in forensic psychiatry.  The affidavit stated that people with Stewart’s type of mental illness can appear to be within the range of “normal” behavior and responses and that there is nothing to suggest that on the day the gun was sold, “the Wal-Mart employee would have known or would have had reasonable cause to believe that Ms. Stewart had been adjudicated as mentally defective or had been committed to any mental institution.”

Bracy contended in her response to Wal-Mart’s motion that because Stewart had become violent at a Wal-Mart store, Wal-Mart knew or should have reasonably inferred that she was mentally defective and likely had been confined to a mental institution.  But even assuming for the sake of argument that the Wal-Mart store where Stewart became violent should have notified the other nearby Wal-Mart store of Stewart’s behavior, Bracy neither cites to any authority, nor provides any evidence, that suggests that based on this episode of disruptive behavior, Wal-Mart knew or should have known that Stewart had been 
adjudicated
 as a mental defective or actually committed to a mental institution.

Bracy also argued that Wal-Mart’s approach to selling firearms is “lackadaisical” and pointed to Wal-Mart’s letter asking Stewart to return to the store due to missing information on the form, claiming that this evidence shows that Wal-Mart failed to complete the legally required paperwork.  But this evidence alone is not enough to raise a fact issue as to whether Wal-Mart breached a legal standard of care.  Wal-Mart produced an affidavit from retired Bureau of Alcohol, Tobacco, and Firearms special agent Michael Russell that the two errors on the form were clerical in nature and had nothing to do with Stewart’s eligibility to purchase a rifle.  This expert further testified that the only illegal conduct in the transaction was Stewart’s false statement on the form affirmatively denying that she had ever been adjudicated mentally ill or committed to a mental institution.  Thus, even though Bracy produced evidence showing that the form was not completed correctly, she did not produce evidence that Wal-Mart breached a standard of care in selling the firearm to Stewart.

Taking as true all evidence favorable to Bracy and indulging every reasonable inference and resolving any doubts in her favor, we conclude that Bracy did not produce evidence raising a genuine issue of material fact as to whether Wal-Mart breached any applicable legal standard or as to whether Stewart’s suicide was the sole cause of her death.  Because the trial court could have correctly granted summary judgment on this ground, we overrule Bracy’s sole point of error
(footnote: 26) and do not reach the cross-issues raised by Wal-Mart.
(footnote: 27)
Conclusion

Having overruled Bracy’s sole point, we affirm the trial court’s summary judgment in favor of Wal-Mart.

PER CURIAM

PANEL F: DAUPHINOT, WALKER, and MCCOY, JJ.

DELIVERED:  April 26, 2007

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Provident Life & Accident Ins. Co. v. Knott
, 128 S.W.3d 211, 216 (Tex. 2003); 
Star-Telegram
,
 Inc. v. Doe
, 915 S.W.2d 471, 473 (Tex. 1995); 
Harwell v. State Farm Mut. Auto. Ins. Co.
, 896 S.W.2d 170, 173 (Tex. 1995).

3:
Malooly Bros.
,
 Inc. v. Napier
, 461 S.W.2d 119, 121 (Tex. 1970).

4:
Id.
 (holding that appellant could on appeal either complain generally by asserting that “the trial court erred in granting the motion for summary judgment,” or bring separate points of error as to each of the several grounds asserted in a motion upon which the trial court could have based a summary judgment).

5:
Star-Telegram
, 915 S.W.2d at 473.

6:
Id.

7:
See 
Tex. R. App. P.
 38.9.

8:
Gulf
,
 C. & S.F. Ry. Co. v. Johnson
, 71 Tex. 619, 9 S.W. 602, 603 (Tex. 1888); 
Saks v. Sawtelle, Goode, Davidson & Troilo
, 880 S.W.2d 466, 469 (Tex. App.—San Antonio 1994, writ denied); 
see also Rodriquez v. Love
, 860 S.W.2d 541, 544 (Tex. App.—El Paso 1993, no writ).

9:
Tex. Civ. Prac. & Rem. Code Ann
. § 93.001 (Vernon 2005).

10:
See King v. Tex. Employers' Ins. Ass'n
, 716 S.W.2d 181, 182-83 (Tex. App.—Fort Worth 1986, no writ) (affirming summary judgment “because summary judgment may have been granted, properly or improperly,” on the ground set out in the motion, and the appellant did not challenge that ground); 
see also
 
Bridges v. Citibank (S.D.) N.A.
, No. 02-06-00081-CV, 2006 WL 3751404, at *1 (Tex. App.—Fort Worth Dec. 21, 2006, no pet.) (holding that “[w]hen a trial court’s order granting summary judgment does not specify the ground or grounds relied on for its ruling, and its judgment rests upon more than one independent ground or defense asserted by the movant, the aggrieved party must assign error to each ground, or the judgment will be affirmed on the ground to which no complaint is made.”); 
Bailey v. Rogers
, 631 S.W.2d 784, 786 (Tex. App.—Austin 1982, no writ) (holding that “[b]ecause appellant did not complain of [two independent grounds raised by the appellee], and because the district court did not specify the basis of its judgment, we may affirm the case on this point alone”).

11:
See Hixson v. Pride of Tex. Distrib. Co.
, 683 S.W.2d 173, 176 (Tex. App.—Fort Worth 1985, no writ) (holding that “[w]here a judgment may rest upon more than one ground, the party aggrieved must assign error to each such ground, or he has waived his right to complain of the ruling to which no error was assigned”).

12:
See generally Wheeler v. Green
, 157 S.W.3d 439, 442-44 (Tex. 2005) (reversing summary judgment based on deemed admissions that pro se plaintiff had failed to timely answer).

13:
Rhone-Poulenc, Inc. v. Steel
, 997 S.W.2d 217, 223 (Tex. 1999); 
see
 
Tex. R. Civ. P.
 166a(b), (c).

14:
Ryland Group
,
 Inc. v. Hood
, 924 S.W.2d 120, 121 (Tex. 1996).

15:
IHS Cedars Treatment Ctr. of Desoto
,
 Tex.
,
 Inc. v. Mason
, 143 S.W.3d 794, 798 (Tex. 2004).

16:
Diaz v. Westphal
, 941 S.W.2d 96, 98 (Tex. 1997);
 Russell v. Ingersoll-Rand Co.
, 841 S.W.2d 343, 345, 347 (Tex. 1992).

17:
See Ingersoll-Rand Co.
, 841 S.W.2d at 346-47.

18:
Tex. Civ. Prac. & Rem. Code Ann.
 § 93.001(a)(2) (Vernon 2005).

19:
See id.
;
 see also Ingersoll-Rand Co.
, 841 S.W.2d at 345-47.

20:
See
 
Kassen v. Hatley
, 887 S.W.2d 4, 12-13 (Tex. 1994).

21:
Tex. Civ. Prac. & Rem. Code Ann.
 § 93.001(a)(2); 
see Galindo v. Dean
, 69 S.W.3d 623, 626-27 (Tex. App.—Eastland 2002, no pet.)
; Hatley v. Kassen
, 859 S.W.2d 367, 373 (Tex. App.—Dallas 1992), 
aff’d in part
,
 rev’d in part on other grounds by 
887 S.W.2d 4 (1994).

22:
Tex. Civ. Prac. & Rem. Code Ann.
 § 16.003(b) (Vernon 2002 & Supp. 2006).

23:
See 
Tex. Civ. Prac. & Rem. Code Ann
. § 93.001.

24:
Houston First Am. Sav. v. Musick
, 650 S.W.2d 764, 767 (Tex. 1983) (stating that “[a]ssertions of fact, not pled in the alternative, in the live pleadings of a party are regarded as formal judicial admissions” and that “[a]ny fact admitted is conclusively established in the case without the introduction of the pleadings or presentation of other evidence”).

25:
18 U.S.C. § 922(d)(4) (2000).

26:
See
 
Malooly Bros.
,
 Inc. v. Napier
, 461 S.W.2d 119, 121 (Tex. 1970) (holding that the summary judgment “must stand, since it may have been based on a ground not specifically challenged by the plaintiff and since there was no general assignment that the trial court erred in granting summary judgment”).

27:
See
 
Tex. R. App. P. 
47.1.