COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-223-CV

 

 

LAVERN BRACY                                                                  APPELLANT

 

                                                   V.

 

WAL-MART STORES, INC.                                                       APPELLEE

 

                                              ------------

 

            FROM
THE 362ND DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








A trial court granted the
summary judgment motion of Appellee Wal-Mart Stores, Inc. in the wrongful death
action brought by Appellant Lavern Bracy for the death of her daughter Shayla
Stewart.  On appeal, Bracy raises the
sole point of whether Wal-Mart=s breach of the duty of care was the proximate cause of Stewart=s death.  Wal-Mart brings two
cross-issues, arguing that this court should disregard certain summary judgment
evidence filed by Bracy.  Because we hold
that Bracy did not address each of Wal-Mart=s independent grounds for summary judgment, we affirm the trial court=s judgment.

Facts
and Procedural History

Shayla Stewart had a history
of mental illness.  She had been
diagnosed with bipolar affective disorder as early as February 1999.  In 2002, she had been committed for temporary
mental health services after a court found that she was mentally ill.

On March 29, 2003, Stewart
went with her mother to a Wal-Mart store located in Denton, Texas.  While there, Stewart became upset and
physically assaulted her mother and a customer. 
Store management escorted Stewart out of the store.  The police arrived and issued her a citation
for assault by contact.

On August 21, 2003, Stewart
purchased a shotgun from a different Wal-Mart store in Denton.  The federal firearms transaction record that
she completed during the sale asked whether she had ever been adjudicated mentally
defective or confined to a mental institution. 
Stewart answered in the negative. 
On the form, ADenton
County@ was abbreviated to ADenton Co.,@ and the
manager=s signature was illegible.  On
August 28, 2003, Stewart was found dead from a self-inflicted gunshot wound to
the head.








Bracy filed a wrongful death
action on December 6, 2004, alleging negligence, negligence per se, and gross
negligence.  Wal-Mart answered and then
filed a motion for summary judgment on traditional and no-evidence grounds.  Wal-Mart claimed that it was entitled to
summary judgment because it had established as a matter of law that it did not
breach a duty of care to Stewart and that it did not proximately cause Stewart=s death.  Wal-Mart also alleged
that it had established as a matter of law two affirmative defenses, one under
the Aunlawful acts@ rule based
on Stewart=s false and
misleading answers on the federal firearms form, and another under Texas Civil
Practices and Remedies Code section 93.001(a)(2).  Wal-Mart further alleged that the Texas
Constitution bars Bracy from recovering exemplary damages.  Finally, Wal-Mart alleged that there was no
evidence of breach, proximate cause, or gross negligence.

The trial court granted
summary judgment for Wal-Mart without specifying the grounds on which it based
its ruling.  In accordance with its
order, the trial court dismissed all of Bracy=s claims with prejudice.  Bracy
now appeals.

Analysis













When a trial court=s order granting summary judgment does not specify the ground or
grounds relied on for its ruling, summary judgment will be affirmed on appeal
if any of the theories presented to the trial court and preserved for appellate
review are meritorious.[2]  A party appealing the grant of a summary
judgment may bring separate issues specifically challenging each ground raised
in the motion.[3]  Alternatively, that party may make a general
assertion that the trial court erred by granting summary judgment[4]
and then under such general assignment of error Aargue all the reasons the trial court erred [by] granting the summary
judgment.@[5]  The appellant Amust show it is error to base [the judgment] on any ground asserted in
the motion,@ and on
appeal, the appellate court Amust affirm the summary judgment if any one of the movant=s theories has merit.@[6]  Wal-Mart argues that we should
affirm the judgment on procedural grounds because Bracy has not brought an
appellate issue complaining generally that summary judgment was improper nor
addressed all of Wal-Mart=s
independent grounds for summary judgment. 
We agree.

Bracy states her sole point
of error as follows: AWas Wal-Mart
Stores, Inc., [sic] breach of duty of care the proximate cause of Stewart=s death[,] or was there an intervening cause excusing Wal-Mart for its
breach of duty?  In other words, was
Wal-Mart negligent?@  Bracy does not state that the granting of
summary judgment was error; however, we construe points liberally[7]
and therefore construe this point to assert that the trial court erred by
granting Wal-Mart=s motion for
summary judgment because a genuine issue of material fact exists as to whether Wal-Mart
was negligent.  Specifically, Bracy
argues that a genuine issue of material fact exists as to whether Wal-Mart owed
a duty of care to Stewart and whether the breach of this duty proximately
caused Stewart=s death.








Bracy offers no argument or
authority for why the trial court should not have granted summary judgment on
either of the two affirmative defenses raised by Wal-Mart in its motion.  Wal-Mart first asserted a defense under the
unlawful acts rule, which states that Ano action will lie to recover a claim for damages, if to establish it
the plaintiff requires aid from an illegal transaction, or is under the
necessity of showing or in any manner depending upon an illegal act to which he
is a party.@[8]  Bracy does not mention this
asserted affirmative defense in her appellate brief.








Wal-Mart also asserted an
affirmative defense under Texas Civil Practices and Remedies Code section
93.001(a)(2), which provides an affirmative defense against damages for
personal injury or death where the plaintiff=s injuries result from the plaintiff=s committing or attempting to commit suicide.[9]
Bracy does not argue that it was error for the trial court to grant summary
judgment for Wal-Mart on this affirmative defense.  Because summary judgment may have been
granted, properly or improperly, on one of Wal-Mart=s affirmative defenses, grounds that Bracy did not challenge, we may
affirm the summary judgment.[10]  Even if Bracy had raised a genuine issue of
material fact with respect to whether Wal-Mart was negligent, she waived her
right to complain that Wal-Mart was nonetheless entitled to summary judgment on
its affirmative defense.[11]








Out of an abundance of
caution, however, we consider whether any of Wal-Mart=s summary judgment grounds has merit.[12]  We first consider Wal-Mart=s affirmative defenses.  A
defendant is entitled to summary judgment on an affirmative defense if the
defendant conclusively proves all the elements of the affirmative defense.[13]  To accomplish this, the defendant‑movant
must present summary judgment evidence that establishes each element of the
affirmative defense as a matter of law.[14]  When reviewing a summary judgment, we take as
true all evidence favorable to the nonmovant, and we indulge every reasonable
inference and resolve any doubts in the nonmovant's favor.[15] The right to maintain a wrongful death claim Ais entirely derivative of the decedent's right to have sued for his
own injuries immediately prior to his death@ and Ais subject
to the same defenses to which the decedent's action would have been subject.@[16]  Thus, in this wrongful death
action, Wal-Mart can raise against Bracy any affirmative defense that it could
have asserted against Stewart if she had sued for her own injuries.[17]








Wal-Mart relied on Texas
Civil Practices and Remedies Code section 93.001(a)(2), which provides a
defense against damages for personal injury or death when the injuries
complained of resulted from the plaintiff=s committing or attempting to commit suicide.[18]  Here, Bracy alleged that her damages resulted
from the wrongful death of her daughter, thus making her claims subject to this
affirmative defense.[19]

To be entitled to summary
judgment on this affirmative defense, Wal-Mart had the burden of proving as a
matter of law that at the time the cause of action arose, (1) Stewart was
committing or attempting to commit suicide and (2) that this conduct was the
sole cause of the damages.  Wal-Mart did
not have a defense under this section if its failure to comply with the
applicable legal standard of care was a cause of Stewart=s suicide.[20]  Thus, if Wal-Mart established that Stewart=s committing suicide was the sole cause of Bracy=s damages, the burden then shifted to Bracy to bring forth evidence
that at the least raised a genuine issue of material fact as to whether
Wal-Mart failed to comply with an applicable legal standard.[21]

 








In its summary judgment
motion, Wal-Mart correctly averred that Bracy=s cause of action arose when Stewart died.[22]  Thus Wal-Mart had to show that when she died,
Stewart was committing or attempting to commit suicide.[23]  To show this element, Wal-Mart introduced the
autopsy report on Stewart=s death,
which lists the cause of death as a shotgun wound to the head and the manner of
death as suicide.  Wal-Mart did not have
to introduce any evidence on this element, however, as Bracy acknowledged in
her pleadings that Stewart died from a self-inflicted gunshot wound to the
head.[24]  Wal-Mart therefore established the first
element of this defense as a matter of law.








Wal-Mart also established
that it did not breach a standard of care and proximately cause Stewart=s death and that her committing suicide was the sole cause of her
death.  In an attempt to raise a fact
issue, Bracy cited to a federal statute that makes it unlawful to sell a
firearm to a person when the seller knows or has reasonable cause to believe
that the person Ahas been
adjudicated as a mental defective or has been committed to any mental
institution.@[25]  But Wal-Mart produced an
affidavit from the store employee who sold Stewart the firearm stating that on
the day in question, Stewart was calm, articulate, and able to follow
instructions, and that at no time did she indicate that she wanted to commit
suicide or harm others.  Wal-Mart also
produced the affidavit of a board-certified psychiatrist with qualifications in
forensic psychiatry.  The affidavit
stated that people with Stewart=s type of mental illness can appear to be within the range of Anormal@ behavior
and responses and that there is nothing to suggest that on the day the gun was
sold, Athe Wal-Mart employee would have known or would have had reasonable
cause to believe that Ms. Stewart had been adjudicated as mentally defective or
had been committed to any mental institution.@








Bracy contended in her
response to Wal-Mart=s motion
that because Stewart had become violent at a Wal-Mart store, Wal-Mart knew or
should have reasonably inferred that she was mentally defective and likely had
been confined to a mental institution. 
But even assuming for the sake of argument that the Wal-Mart store where
Stewart became violent should have notified the other nearby Wal-Mart store of
Stewart=s behavior, Bracy neither cites to any authority, nor provides any
evidence, that suggests that based on this episode of disruptive behavior,
Wal-Mart knew or should have known that Stewart had been adjudicated as
a mental defective or actually committed to a mental institution.

Bracy also argued that
Wal-Mart=s approach to selling firearms is Alackadaisical@ and pointed
to Wal-Mart=s letter
asking Stewart to return to the store due to missing information on the form,
claiming that this evidence shows that Wal-Mart failed to complete the legally
required paperwork.  But this evidence
alone is not enough to raise a fact issue as to whether Wal-Mart breached a legal
standard of care.  Wal-Mart produced an
affidavit from retired Bureau of Alcohol, Tobacco, and Firearms special agent
Michael Russell that the two errors on the form were clerical in nature and had
nothing to do with Stewart=s eligibility to purchase a rifle. 
This expert further testified that the only illegal conduct in the
transaction was Stewart=s false
statement on the form affirmatively denying that she had ever been adjudicated
mentally ill or committed to a mental institution.  Thus, even though Bracy produced evidence
showing that the form was not completed correctly, she did not produce evidence
that Wal-Mart breached a standard of care in selling the firearm to Stewart.








Taking as true all evidence
favorable to Bracy and indulging every reasonable inference and resolving any
doubts in her favor, we conclude that Bracy did not produce evidence raising a
genuine issue of material fact as to whether Wal-Mart breached any applicable
legal standard or as to whether Stewart=s suicide was the sole cause of her death.  Because the trial court could have correctly
granted summary judgment on this ground, we overrule Bracy=s sole point of error[26]
and do not reach the cross-issues raised by Wal-Mart.[27]

Conclusion

Having overruled Bracy=s sole point, we affirm the trial court=s summary judgment in favor of Wal-Mart.

 

PER CURIAM

 

PANEL F:    DAUPHINOT, WALKER,
and MCCOY, JJ.

DELIVERED: 
April 26, 2007











[1]See Tex. R. App. P. 47.4.





[2]Provident
Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 216 (Tex.
2003); Star-Telegram, Inc. v. Doe, 915 S.W.2d 471, 473 (Tex.
1995); Harwell v. State Farm Mut. Auto. Ins. Co., 896 S.W.2d 170, 173
(Tex. 1995).





[3]Malooly
Bros., Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970).





[4]Id.
(holding that appellant could on appeal either complain generally by asserting
that Athe
trial court erred in granting the motion for summary judgment,@ or
bring separate points of error as to each of the several grounds asserted in a
motion upon which the trial court could have based a summary judgment).





[5]Star‑Telegram, 915
S.W.2d at 473.





[6]Id.





[7]See Tex. R. App. P. 38.9.





[8]Gulf,
C. & S.F. Ry. Co. v. Johnson, 71 Tex. 619, 9 S.W. 602, 603 (Tex. 1888);
Saks v. Sawtelle, Goode, Davidson & Troilo, 880 S.W.2d 466, 469
(Tex. App.CSan
Antonio 1994, writ denied); see also Rodriquez v. Love, 860 S.W.2d 541,
544 (Tex. App.CEl
Paso 1993, no writ).





[9]Tex. Civ. Prac. & Rem. Code Ann. '
93.001 (Vernon 2005).





[10]See
King v. Tex. Employers' Ins. Ass'n, 716 S.W.2d 181, 182-83
(Tex. App.CFort
Worth 1986, no writ) (affirming summary judgment Abecause
summary judgment may have been granted, properly or improperly,@ on
the ground set out in the motion, and the appellant did not challenge that
ground); see also Bridges v. Citibank (S.D.) N.A., No. 02‑06‑00081‑CV,
2006 WL 3751404, at *1 (Tex. App.CFort Worth Dec. 21, 2006, no
pet.) (holding that A[w]hen
a trial court=s
order granting summary judgment does not specify the ground or grounds relied
on for its ruling, and its judgment rests upon more than one independent ground
or defense asserted by the movant, the aggrieved party must assign error to
each ground, or the judgment will be affirmed on the ground to which no
complaint is made.@); Bailey
v. Rogers, 631 S.W.2d 784, 786 (Tex. App.CAustin
1982, no writ) (holding that A[b]ecause appellant did not
complain of [two independent grounds raised by the appellee], and because the
district court did not specify the basis of its judgment, we may affirm the
case on this point alone@).





[11]See
Hixson v. Pride of Tex. Distrib. Co., 683 S.W.2d 173, 176 (Tex.
App.CFort
Worth 1985, no writ) (holding that A[w]here a judgment may rest
upon more than one ground, the party aggrieved must assign error to each such
ground, or he has waived his right to complain of the ruling to which no error
was assigned@).





[12]See
generally Wheeler v. Green, 157 S.W.3d 439, 442‑44 (Tex.
2005) (reversing summary judgment based on deemed admissions that pro se
plaintiff had failed to timely answer).





[13]Rhone‑Poulenc,
Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999); see Tex. R. Civ. P. 166a(b), (c).





[14]Ryland
Group, Inc. v. Hood, 924 S.W.2d 120, 121 (Tex. 1996).





[15]IHS
Cedars Treatment Ctr. of Desoto, Tex., Inc. v.
Mason, 143 S.W.3d 794, 798 (Tex. 2004).





[16]Diaz
v. Westphal, 941 S.W.2d 96, 98 (Tex. 1997); Russell v.
Ingersoll‑Rand Co., 841 S.W.2d 343, 345, 347 (Tex. 1992).





[17]See
Ingersoll‑Rand Co., 841 S.W.2d at 346-47.





[18]Tex. Civ. Prac. & Rem. Code Ann. '
93.001(a)(2) (Vernon 2005).





[19]See
id.; see also Ingersoll‑Rand Co., 841 S.W.2d at 345-47.





[20]See Kassen
v. Hatley, 887 S.W.2d 4, 12-13 (Tex. 1994).





[21]Tex. Civ. Prac. & Rem. Code Ann. '
93.001(a)(2); see Galindo v. Dean, 69 S.W.3d 623, 626-27 (Tex. App.CEastland
2002, no pet.); Hatley v. Kassen, 859 S.W.2d 367, 373 (Tex. App.CDallas
1992), aff=d in
part, rev=d in
part on other grounds by 887 S.W.2d 4 (1994).





[22]Tex. Civ. Prac. & Rem. Code Ann. '
16.003(b) (Vernon 2002 & Supp. 2006).





[23]See Tex. Civ. Prac. & Rem. Code Ann. '
93.001.





[24]Houston
First Am. Sav. v. Musick, 650 S.W.2d 764, 767 (Tex. 1983)
(stating that A[a]ssertions
of fact, not pled in the alternative, in the live pleadings of a party are
regarded as formal judicial admissions@ and that A[a]ny
fact admitted is conclusively established in the case without the introduction
of the pleadings or presentation of other evidence@).





[25]18
U.S.C. '
922(d)(4) (2000).





[26]See Malooly
Bros., Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970) (holding that
the summary judgment Amust
stand, since it may have been based on a ground not specifically challenged by
the plaintiff and since there was no general assignment that the trial court
erred in granting summary judgment@).





[27]See Tex. R. App. P. 47.1.